**Truman Leon CONYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–92–00393–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 14, 1993.

Discretionary Review Refused Dec. 15, 1993.

Charles A. Brown, Houston, for appellant.

Rikke Graber, Houston, for appellee.

Before ROBERTSON and CANNON, JJ., and MORSE, Former J. (Sitting by Designation).

## OPINION

ROBERT E. MORSE, Jr., Former Justice:

This is an appeal of an aggravated robbery conviction. Appellant Conyers complains of insufficiency of the evidence. We affirm.

We summarize the facts in the light most favorable to the verdict. At about 12:15 a.m., two men entered a Stop–N–Go. While one man was back by the beer cooler, the other approached the check-out counter with a Coke and a pack of noodles. As the manager reached for the register, he suddenly saw a sawed-off, double-barreled shotgun pointed at his face.

The robber demanded that the manager "give it all up." The manager opened the register and began to remove the money. This activated a video camera. The manager put the money into a plastic bag and gave the bag to the gunman. While the gunman was robbing the manager, the other man was taking beer from the back of the store.

After the men left the store, the manager called the police. He requested that the police take custody of the store camera's videotape. Still photographs were made from the videotape. The manager testified that the photos fairly and accurately depicted the scene as it appeared during the robbery.

Police provided one photo showing both suspects to Channel 13 for an airing on "Rogue's Gallery." The day after the airing, police received information from "CrimeStoppers" on the unarmed suspect. Police went to the Harris County Jail and met with the person thought to be the unarmed suspect. From him, police got a tip on the identity of the gunman. The investigation led police to a Bennigan's restaurant. Although no one suggested the suspect's identity, the Bennigan's manager identified the gunman depicted in the photos as her janitor, Truman Conyers, and later so testified. The restaurant manager had no doubt about her identification.

At trial, the Stop–N–Go manager testified that he had care, custody, and control of the merchandise and money at the store. He said that the gun held by the robber was a firearm and a deadly weapon. In discussing identification procedures, the manager testified that he was never asked to make an identification from a lineup. The day before his testimony, the manager was unable to pick out the alleged robber from a group of persons seated in the courtroom. In fact, he selected a person seated next to Conyers as the most likely suspect. The manager never identified Conyers as the gunman, even after viewing the photos of the gunman taken by the store's camera.

In his sole point of error, Conyers complains that the evidence was insufficient to prove that he was the individual who robbed the complainant. No eyewitness to the crime ever identified him.

On review of the sufficiency of the evidence, we view the evidence in the light most favorable to the State and affirm the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 238–239 (Tex.Crim.App.1989). Where the record supports conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the State. *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. The law does not require that all State witnesses testify consistently, or even that all the State's evidence support the State's theory of the case. *Elkins v. State*, 822 S.W.2d 780, 783 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). The jury is the sole judge of the credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App. 1986), *cert. denied*, 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). We may not sit as a thirteenth juror and reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988).

If other evidence shows that a defendant was the perpetrator of a criminal offense, the failure of the complainant to make a positive in-court identification does not make the verdict improper. *Anderson v. State*, 813 S.W.2d 177, 179 (Tex.App.—Dallas 1991, no pet.).

It was undisputed that the Stop–N–Go manager never identified Conyers as the gunman. The only identification evidence was the store camera's videotape, the still photos derived from the videotape, and the identification by the Bennigan's manager of Conyers as the gunman in the photos. Conyers argues that the photostatic copies of the photos in the appellate record indicate that it would be impossible to identify anyone from the photos. He points out that the photo of Conyers in his penitentiary packet shows a man with a prominent nose, while the store camera photos do not show that distinct feature. He complains that the jury convicted Conyers on the testimony of an individual who wasn't even present at the time of the offense.

We find that there was sufficient evidence that a rational trier of fact could have found that Conyers was the gunman who committed the aggravated robbery. First, there was evidence explaining the store manager's inability to identify Conyers. The manager testified that he had fixated on the shotgun. Second, the manager testified that the photos taken from the video camera fairly and accurately depicted the events of the robbery. Third, the Bennigan's manager testified without hesitation that the gunman pictured in the photos was her employee, Truman Conyers. Finally, the photos were admitted into evidence, and the jury could compare the photos with the physical appearance of Conyers.

Finding the evidence sufficient, we affirm the judgment below.