Affirmed and Memorandum Opinion filed December 9, 2004









Affirmed
and Memorandum Opinion filed December 9, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01122-CR

_______________

 

RICHARD RAY MCDONALD,
Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from 177th District Court

Harris County, Texas

Trial Court Cause No. 931,759

_________________________________________________________

 

M
E M O R A N D U M   O P I N I O N

In
this appeal of a jury conviction for burglary of a habitation, Richard Ray
McDonald challenges the sufficiency of the evidence identifying him as the
person who committed the burglary. 
Concluding the identification evidence is both legally and factually
sufficient, we affirm.

I.  Factual and Procedural Background








Sometime
during the day on August 4, 2002, Frederick Morrison=s townhome was burglarized.  That afternoon, Vivian Phelps, Morrison=s neighbor, answered her door and
encountered a black male who asked for AMrs. Jones.@ 
The man left after Phelps responded that no one by the name Jones lived
there.  Approximately 20 minutes later,
Phelps observed the same man enter a beige Toyota pickup and drive out of the
townhome complex.  Because the man drove
away very quickly, Phelps became suspicious and wrote down the truck=s license plate number.  At approximately the same time, another of
Morrison=s neighbors also observed the truck
driving out of the complex and took note of the license number.  After Morrison reported the burglary to the
Houston Police Department (AHPD@), HPD matched the license number to the Toyota pickup
belonging to appellant=s mother.  They also
recovered a fingerprint, later identified as appellant=s, from a pretzel jar in which
Morrison stored coins.  The coins were
among the items of property Morrison reported stolen during the burglary.  Appellant was charged with burglary of a
habitation with intent to commit theft and convicted by a jury.  The jury found two enhancement paragraphs to
be true and sentenced appellant to 45 years= confinement.  This appeal ensued. 

II.  Discussion

In
two issues, appellant claims the evidence identifying him as the perpetrator of
the burglary is legally and factually insufficient to support his conviction.

A.        Standards of Review

In
a legal sufficiency review, we view all the evidence in a light most favorable
to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  In conducting
our review, we do not re-weigh the evidence or substitute our judgment for that
of the fact finder.  Id.; Johnson
v. State, 967 S.W.2d 410, 412 (Tex. Crim. App. 1998).  We will affirm the decision if any rational
trier of fact could have found the elements of the crime beyond a reasonable
doubt.  McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997).








When
conducting a factual sufficiency review, we consider all the evidence in a
neutral light and set aside the verdict only if (1) the evidence supporting the
verdict, taken alone, is too weak to support the finding of guilt beyond a
reasonable doubt, or (2) the contrary evidence is so strong that the State
could not have met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).  In our review of the evidence, we must be
deferential to the jury=s findings and resist intruding on the fact finder=s role as the sole judge of the
weight and credibility of the evidence.  Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The standards of review for legal and factual
sufficiency are the same regardless of whether the evidence is direct or circumstantial.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).

B.        Legal Sufficiency of the
Evidence

In
addition to the statutory elements for burglary of a habitation,[1]
in this case the State had the burden to prove beyond a reasonable doubt that
appellant was the person who committed the burglary.  Johnson v. State, 673 S.W.2d 190, 196
(Tex. Crim. App. 1984); Smith v. State, 56 S.W.3d 739, 744 (Tex. App.CHouston [14th Dist .] 2001, pet. ref=d). 
The State may prove identity through either direct or circumstantial
evidence.  Roberson v. State, 16
S.W.3d 156, 167 (Tex. App.CAustin 2000, pet. ref=d). 
The failure of an eyewitness to make an unequivocal in-court
identification will not render the verdict improper, so long as there is other
evidence corroborating the identification. 
Conyers v. State, 864 S.W.2d 739, 740 (Tex. App.CHouston [14th Dist.] 1993,  pet. ref=d); Anderson v. State, 813
S.W.2d 177, 179 (Tex. App.CDallas 1991, no pet.). 








Appellant
contends the evidence is legally insufficient to support his conviction because
Phelps=s in-court identification was Aequivocal or uncertain at best.@ 
At trial, Phelps testified she was Aabout 95 percent@ certain appellant was the man at her
door.[2]  Phelps further stated that she noticed gold
in the teeth of the man at her door and, in her opinion, the gold in appellant=s teeth was similar.  Although Phelps was not 100 percent certain
that appellant was the man at her door, any uncertainty goes to the weight of
the testimony and is judged by the jury. 
Anderson, 813 S.W.2d at 179; Ates v. State, 644 S.W.2d
843, 844B45 (Tex. App.CTyler 1982, no pet.).  Further, absolute certainty on the part of
Phelps is not required to sustain appellant=s conviction because there is
corroborating identification evidence.  Conyers,
864 S.W.2d at 740.

Phelps=s in-court identification was
corroborated by identification of the license plate number of the Toyota
pickup, which matched the license number noted by Morrison=s neighbors.  Both Phelps and another neighbor wrote down
the same license plate number for the Toyota pickup they observed at the
townhome complex.  The police matched that
license number to the Toyota pickup owned by appellant=s mother and often driven by
appellant.  Thus, along with Phelps=s identification, the corroborating
license-plate evidence ties appellant to the truck and the crime scene.   

In
addition to the license plate match, the State introduced the testimony of
Walter Rowe, an HPD Fingerprint Identification Officer.  Rowe testified that a print taken from the
jar in Morrison=s home matched appellant=s print.  Another officer verified Rowe=s match of the fingerprints.  This evidence further supports Phelps=s in-court identification and serves
to identify appellant as the perpetrator of the burglary.  See Robertson, 16 S.W.3d at 167
(stating that identity may be proved by inferences). 








Viewing
this evidence in a light most favorable to the verdict, we hold a rational
juror could have found beyond a reasonable doubt that appellant was the person
who committed the burglary.  See Westbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  Accordingly, appellant=s first issue is overruled.

C.        Factual Sufficiency of the
Evidence

Regarding
factual sufficiency, appellant argues that the uncertainty of Phelps=s identification, coupled with
weaknesses in the fingerprint and license plate matches are insufficient to
support his conviction.  We disagree.

At
trial, appellant=s counsel attempted to create another theory for the placement
of the fingerprint on the pretzel jar. 
During the cross-examination of Officer Rowe, appellant=s trial counsel suggested the
possibility that appellant could have left the fingerprint on the jar when he
was browsing a food store.  Appellant
argues that this inference, together with Officer Rowe=s inability to determine the age of
the fingerprint, A[says] nothing about whether appellant ever entered the
Morrison townhome.@  An innocent, but
unlikely, explanation for the presence of the fingerprint does not necessarily
make the evidence insufficient.  Phelps
v. State, 594 S.W.2d 434, 436 (Tex. Crim. App. 1980).  

On
the other hand, there is strong evidence suggesting appellant left the
fingerprint during the burglary.  There
is evidence of forced entry into Morrison=s townhome.  Morrison testified that he did not give
appellant permission to be in his home on the date of the burglary.  Also, there was no evidence that Morrison=s home was at any time open to the
public or that appellant had previously been inside Morrison=s home.  Thus, it was reasonable for the jury to find
that appellant left the fingerprint on the jar while committing the burglary.  See Villareal v. State, 79 S.W.3d 806,
811 (Tex. App.CCorpus Christi 2002, pet. ref=d) (stating defendant=s access to the fingerprinted object
is an important factor in determining the sufficiency of fingerprint evidence).









Appellant=s trial counsel also attempted to
show that the license plates had been stolen from the truck belonging to
appellant=s mother.  Appellant=s wife testified that the truck=s license plates had been stolen
twice.  She could not, however, remember
the dates the thefts occurred, and further stated the thefts were never
reported to the police.  While this
testimony may suggest a conflict in the evidence, it is the province of the
jury alone to resolve such conflicts.  Herrero
v. State, 124 S.W.3d 827, 832 (Tex. App.CHouston [14th Dist.] 2003, no
pet.).  The jury was free to disregard
the testimony of appellant=s wife.  See Barnes
v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994) (stating the jury is
the exclusive judge of the credibility of, and the weight to be given to,
witness testimony). 

Viewing
the evidence in a neutral light, we cannot conclude the evidence supporting the
conviction, when considered by itself, is so weak that it will not support the
verdict of guilt beyond a reasonable doubt, or the contrary evidence is so
strong that the State could not prove beyond a reasonable doubt that appellant
committed the burglary. Zuniga, 144 S.W.3d at 484B85. 
Accordingly, appellant=s second issue is overruled, and the judgment of the trial
court is affirmed.    

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed December 9, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  A person
commits the offense of burglary of a habitation if the person, without the
owner=s consent:

 

(1) enters a habitation, or a building (or any portion
of a building) not then open to the public, with intent to commit a felony,
theft, or an assault; or (2) remains concealed, with intent to commit a felony,
theft, or an assault, in a building or habitation; or (3) enters a building or
habitation and commits or attempts to commit a felony, theft, or an
assault.  

 

Tex. Pen. Code Ann. ' 30.02 (Vernon 2004).





[2]  Phelps was
unable to identify appellant as the man at her door in a pre-trial photo
spread.