Opinion issued November 29, 2007












     






In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00794-CR




BENGIE DEJOHN FRANCIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1046748




MEMORANDUM OPINION
          A jury convicted appellant, Bengie Dejohn Francis, of aggravated robbery


 and
assessed punishment at imprisonment for 20 years. In three points of error, appellant
argues that the evidence is (1) legally insufficient to support his conviction as a
primary actor or under the law of parties and (2) factually insufficient to support his
conviction.
          We affirm.
Facts
          On July 30, 2005, the complainant, Julius Obilana, arrived at the apartment
complex of Deshaye Kennedy, a woman he had met only once before. Upon arrival,
the complainant walked with Kennedy and one of her friends toward Kennedy’s
apartment, but, seeing the open door and the dark interior, he became suspicious and
tried to return to his car. Two men appeared behind him, one displaying a gun. They
commanded him to lie on the ground, saying, “Lay [sic] down, don’t say anything. 
Don’t make me hurt you.” Then two men and two women surrounded the
complainant, and someone took his wallet, car keys, phone, and watch. After they
had searched all of his pockets, they told the complainant to run in one direction, and
they fled in the opposite direction.
          The complainant immediately ran to a nearby police sub-station and reported
the robbery. Officer E. Sotuyo accompanied him back to the scene, where the officer
encountered Kennedy, who stated that she knew the complainant had been robbed,
but she was in a neighboring apartment at the time. The interview with her raised the
officer’s suspicion that she may have been involved with the planning of the robbery. 
Officer Sotuyo processed the scene, but was unsuccessful in finding the
complainant’s wallet or taking fingerprints from the complainant’s car. The officer
released the car to the complainant, but, without a car key, the complainant was
unable to take his vehicle home that evening.
          When the complainant returned to the apartment complex the following
morning, his car was missing. Later that day he spotted appellant driving his vehicle
at a shopping center and recognized appellant as the gunman from the previous
night’s robbery. While the complainant attempted to contact the police, appellant
apparently saw the complainant watching him, abandoned the vehicle, threw the keys
into the street, then departed in a different vehicle.
          Investigating Officer J. Miller subsequently arrested DeShaye Kennedy in
connection with the robbery. Kennedy fully identified appellant, and partially
identified appellant’s brother, John Zachary Couvson, and his sister, Sabrina Francis,
as the other parties to the robbery. During appellant’s trial, Kennedy testified that
she, appellant, Couvson, and Francis were active participants in the planning of the
robbery, but that appellant and Couvson together committed the robbery—standing
in front of the complainant, threatening him, and robbing him—while Couvson held
the gun. Kennedy was to bring the complainant to her apartment, then the men were
to appear, pretend to scare off the women, and rob the complainant. She testified that
both men talked about having a gun to use in the robbery. Kennedy pleaded guilty
for her part in the offense for a reduced charge of robbery prior to any charges being
filed against appellant. She was not obligated by her plea to testify against appellant.
          Once Kennedy had provided Officer Miller with appellant’s name, Officer
Miller generated a photographic array and contacted the complainant. The
complainant positively identified appellant as the gunman. This identification took
place approximately two months after the robbery occurred. The complainant was
unable to identify appellant’s sister in a second photographic array shown to him at
that same time. When police finally discovered the surname of appellant’s brother,
seven months after the robbery, the complainant was shown a third photographic
array that included an image of Couvson, but the complainant was unable to identify
Couvson as a participant in the robbery.
          During a custodial police interview, appellant changed his story repeatedly,
swearing to statements that he later admitted at trial were lies, and finally
acknowledging his presence at the scene. Nevertheless, appellant maintained that he
had merely spotted his brother holding the gun and approached him, asking what was
happening, and that he only briefly saw the complainant already on the ground. 
Appellant testified that he had no part in the planning or commission of the offense. 
Appellant also testified that the jury should not believe Kennedy’s testimony, that she
had incorrectly implicated him, and that he was an innocent passer-by to the events.
          In his testimony at trial, the complainant was unable to identify the gunman in
the courtroom and verbally described the gunman as having a complexion as black
as the judge’s robe. Yet, when he was shown the earlier photographic array, he once
again positively identified the photograph of appellant as the gunman. Appellant,
who is African-American, has a light complexion.
          The trial court instructed the jury on the grounds for convicting appellant as
both the primary actor and as a party. The jury returned a general verdict finding
appellant guilty of aggravated robbery. The jury then assessed punishment at
imprisonment for 20 years.
Standard of Review
          When an appellant challenges both the legal and factual sufficiency of the
evidence, we must first determine whether the evidence was legally sufficient to
support the verdict. Harmond v. State, 960 S.W.2d 404, 406 (Tex. App.—Houston
[1st Dist.] 1998, no pet.). When reviewing the sufficiency of the evidence where the
trial court authorized the jury to convict on more than one theory—here, either as a
primary actor or as a party—a guilty verdict will be upheld if the evidence suffices
on any single theory. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999).
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Although our analysis
considers all the evidence presented at trial, we may not re-weigh the evidence and
substitute our judgment for that of the fact finder. Id.
          The Court of Criminal Appeals has broken down factual-sufficiency analysis
into two prongs. First, we must ask whether the evidence introduced to support the
verdict, although legally sufficient, is so weak that the jury’s verdict seems clearly
wrong and manifestly unjust. Watson v. State, 204 S.W.3d 404, 414–15 (Tex. Crim.
App. 2006) (quoting Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). 
Second, we must ask whether, considering the conflicting evidence, the jury’s verdict,
although legally sufficient, is nevertheless against the great weight and preponderance
of the evidence. Id. at 415. In conducting this review, we view all of the evidence
in a neutral light. Id. at 414. Furthermore, we should be mindful that a jury has
already passed on the facts, so we cannot order a new trial simply because we
disagree with the verdict. Id. What weight to give contradictory testimonial evidence
is within the sole province of the jury because it turns on an evaluation of credibility
and demeanor. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App. 1997).
Therefore, we must defer appropriately to the fact finder and avoid substituting our
judgment for its judgment, and we may find evidence factually insufficient only when
necessary to prevent manifest injustice. Id. at 407; see also Johnson, 23 S.W.3d at
12.
Analysis
          Legal Sufficiency
          In his first two points of error, appellant argues that the evidence is legally
insufficient to prove that he committed aggravated robbery either as a principal actor
or under the law of parties.
          Guilt as a Primary Actor
          Appellant was charged with aggravated robbery. A person commits robbery
if, in the course of committing theft and with the intent to obtain or maintain control
of the property of another, he “intentionally or knowingly threatens or places another
in fear of imminent bodily injury or death.” Tex. Pen. Code Ann. § 29.02(a)(2)
(Vernon 2003). A person commits theft if he “unlawfully appropriates property with
intent to deprive the owner of property.” Id. § 31.03(a) (Vernon Supp. 2007). The
offense of robbery is aggravated if the person commits any of the aggravating factors
enumerated in section 29.03 of the Penal Code, including using or exhibiting a deadly
weapon. Id. § 29.03(a)(2) (Vernon 2003). Thus, to convict appellant as a principal,
the State was required to prove that, in the course of committing theft and with the
intent to obtain or maintain control of the property, appellant intentionally or
knowingly threatened or placed the complainant in fear of imminent bodily injury or
death and used or exhibited a firearm. See id. §§ 29.02(a)(2), 29.03(a)(2), 31.03(a).
Appellant contends that because the complainant was unable to identify him
in the courtroom as the gunman and because the complainant’s trial testimony
described the gunman’s complexion as very dark, which was in contrast to appellant’s
light complexion, the State has not presented legally sufficient evidence to show that
appellant was a primary actor in committing aggravated robbery.
Appellant contends that the complainant’s identification of him as the gunman
solely through the photographic array was not sufficient evidence that appellant was
the gunman because the complainant failed to identify appellant in the courtroom. 
We disagree. The law does not require a courtroom identification when other
evidence is presented establishing the culpability of the defendant. Conyers v. State,
864 S.W.2d 739, 740 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d) (citing
Anderson v. State, 813 S.W.2d 177, 179 (Tex. App.—Dallas 1991, no pet.)); see also
Navajar v. State, 496 S.W.2d 61, 63–64 (Tex. Crim. App. 1973) (holding that
tentative in-court identification was irrelevant when victim made positive
identification from photograph 10 days after incident), overruled on other grounds
by Rutledge v. State, 749 S.W.2d 50 (Tex. Crim. App. 1988). The complainant’s
identification of appellant as the gunman in the photographic array two months after
the offense suffices to support the conviction. See id.
Appellant also argues that the complainant’s inconsistent testimony about the
comparative darkness of the gunman’s complexion renders the evidence insufficient
to support his conviction as a primary actor because his complexion is light. 
However, it is well established that a jury may choose to believe or not believe the
witnesses, or any portion of their testimony. Sharp v. State, 707 S.W.2d 611, 614
(Tex. Crim. App. 1986); Williams v. State, 226 S.W.3d 611, 615 (Tex.
App.—Houston [1st Dist.] 2007, no pet.); see also Escovedo v. State, 902 S.W.2d
109, 115 (Tex. App.—Houston [1st Dist.] 1995, pet. ref’d) (finding inconsistent
testimony about appearance of tattoo was for jury to resolve). A jury may believe a
witness even though some of his testimony may be contradicted, and part of his
testimony may be accepted while the rest rejected. Sharp, 707 S.W.2d at 614. Here,
the jury could have believed the complainant’s testimony regarding his identification
of appellant in the photographic array and disregarded any discrepancy in the
description of appellant’s complexion. See id. Furthermore, the jury’s finding is
supported by testimony from Kennedy establishing appellant’s intent and his
participation in the planning and execution of the robbery, and by appellant’s own
statement that he was present during the robbery. The complainant also testified that
he saw appellant driving the stolen vehicle the day after the robbery and that his
wallet, cellular phone, and watch were never returned to him. The foregoing
evidence is legally sufficient for a rational jury to find beyond a reasonable doubt that
appellant intentionally or knowingly threatened the complainant with a firearm in the
course of committing the theft of the complainant’s property. See Tex. Pen. Code
Ann. §§ 29.02(a)(2), 29.03(a)(2), 31.03(a); King, 29 S.W.3d at 562.
We overrule appellant’s first point of error.



Factual Sufficiency
In his third point of error, appellant contends that the evidence presented by the
State is too weak to support a finding of guilt beyond a reasonable doubt and that the
contrary evidence was strong enough that the State could not have met the beyond-a-reasonable-doubt standard.
Appellant argues that the most compelling evidence that undermines the verdict
is the complainant’s inability to identify him in the courtroom at trial. The
complainant’s inability to make a courtroom identification does not prevent the jury
from reasonably relying on the complainant’s identification of appellant in the
photographic array. See Conyers, 864 S.W.2d at 740. The State presented evidence
that the complainant identified appellant in a photographic array two months after the
robbery, and the complainant testified at trial that he believed he correctly identified
the man who pointed the gun at him during the robbery. The State also presented
Kennedy’s testimony that appellant was involved in the planning and commission of
the robbery, and appellant himself admitted to being present at the time the robbery
took place. Furthermore, the day after the robbery, the complainant saw appellant
driving the complainant’s vehicle. Even considering the conflicting evidence, the
jury’s verdict is not against the great weight and preponderance of the evidence. See
Watson, 204 S.W.3d at 415.
Appellant also argues that the evidence is factually insufficient because the
complainant’s description of the robber’s skin does not match appellant’s skin. 
Furthermore, appellant points to his own testimony regarding the events surrounding
the robbery—that he was coming to visit Kennedy and coincidentally happened upon
the robbery but that he did not help to plan or commit the robbery.
These conflicts in testimony were presented to the jury at trial. Because this
credibility determination was placed in the hands of the jury, the weight it chose to
give to or withhold from each element in seeking resolution was solely within its
province. See Cain, 958 S.W.2d at 408–09. The jury’s decision to convict appellant
on the basis of Kennedy’s testimony and the other evidence against appellant in spite
of the conflict regarding the shade of appellant’s skin is not manifestly unjust simply
because the jury resolved conflicting testimony in favor of the State. See id. at 410.
Thus, after examining all the evidence in a neutral light, we hold that the proof
of guilt was not so weak that the verdict is clearly wrong or manifestly unjust; nor is
the contrary evidence presented of such great weight and preponderance that it
contradicts the jury’s verdict. See Watson, 204 S.W.3d at 414–15.
We overrule appellant’s third point of error.
Conclusion
We affirm the judgment of the trial court.
 
 
 
 
 
                                                                        Evelyn V. Keyes
                                                                        Justice
 
 
Panel consists of Justices Nuchia, Jennings, and Keyes.
 
Do not publish. Tex. R. App. P. 47.2(b).