Affirmed and Memorandum Opinion
filed December 7, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00673-CR



Duane Edward
Buck, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 232nd District Court

Harris County, Texas

Trial Court
Cause No. 1223479



 

MEMORANDUM OPINION

After a bench trial, appellant Duane Edward Buck was
convicted of one count of aggravated robbery and sentenced to fifteen years’
imprisonment.  In a single issue, appellant argues on appeal that the evidence
is factually insufficient to sustain his conviction.  We affirm.

BACKGROUND

One night in April 2008, an armed robbery occurred at
the A.J. Game Room in Houston.  Surveillance video captured most of the events
inside the Game Room.  This video was admitted into evidence and played for the
court.  Although the quality of the video is poor, it shows three armed individuals
forcing their way into the Game Room, threatening patrons and employees,
hitting at least one employee, and taking what appears to be money.  Two of the
suspects are seen exiting through a rear door.

Six witnesses testified at trial.  Claudio Teran was
a security guard at the Game Room, and he called police after seeing people
armed with guns enter the building.  He was not able to identify appellant as
one of the robbers, and he noticed nothing distinctive about the clothes the
robbers were wearing.

Naushad Manasiya, an employee of the Game Room and
native of Pakistan, was struck in the head by one of the robbers and remembered
hearing a gunshot during the robbery.  Before the surveillance video was
played, he could only remember there being one robber.  He could not recall the
race or gender of any of the robbers (although he used male pronouns to describe
the person that hit him), and he could not remember anything distinctive about
the robbers’ clothing.  Finally, he testified that he never identified any
suspect at the scene of the crime, and he was unable to make an in-court
identification of appellant.

The first police officer to arrive on the scene was
Officer Clifford Jackson.  As he pulled up to the Game Room in his patrol
vehicle, some individuals outside told him that people had just exited the Game
Room through the back door.  Upon driving to the rear of the building, he saw
two people about 200 yards away running through a field toward an apartment
complex.  He could not tell what the suspects were wearing or what race they
were, and he assumed they were male because of the way they ran.  He radioed
for a perimeter to be set up around the apartment complex.

Officer Jason Streety arrived in his patrol vehicle
near the apartment complex.  He saw two black males run by his vehicle into the
apartment complex, and he pursued them on foot from a distance of about thirty
yards.  He could not recall anything distinctive about the suspects’ clothing
at that time, nor did he recall seeing either of the suspects carrying a bag.

Officer Streety followed the men into the apartment
complex where the two suspects kicked in the door of a vacant second story
apartment.  Rather than enter the apartment, Officer Streety waited three to
five minutes for backup to arrive.  A resident from a first floor apartment came
outside and told Officer Streety that he saw two men jumping from the second
floor onto a patio on the first floor.  Officer Streety then searched the
ground floor patios and found appellant and another man lying on their
stomachs.  He testified that appellant and the other man were out of breath, sweating,
and appeared nervous.  Officer Streety testified further that the other man was
wearing a white shirt, but he could not recall what appellant was wearing.  Officer
Streety found a brown mesh bag with three pistols inside lying near appellant’s
head.

The third and final police officer to testify was
Officer Bernard Salley.  He went directly to the Game Room and testified about
events occurring after appellant and his accomplice were apprehended and
brought back to the crime scene.  Officer Salley saw appellant being taken out
of a patrol car and being identified by two witnesses—one man, one woman.  He
said the man was Pakistani or Indian, but he could not recall the name of
either witness.  Officer Jackson was more specific—he testified that Manasiya
identified appellant as one of the robbers.  But Officer Jackson admitted he
was not present at the time of any identification of appellant, and he was not
involved in the identification process.  Further, Officer Jackson wrote in his
report that it was unlikely either Manasiya or another witness would be able to
identify any of the robbers.  Appellant testified that he was never taken out
of the vehicle for identification.  However, he testified that Manasiya walked
up to the patrol car that appellant was in and pointed at him.  He also
testified that ten people were brought to the crime scene, of which he was one
of the four persons identified.

Officer Salley further testified that $45, a $500
money wrap, and a glove were found on appellant.  The glove found on appellant
matched a glove found near the front entrance of the Game Room.  The
surveillance video shows one of the robbers dropping a glove as he attempts to
enter the Game Room.

Appellant testified that he was shooting dice in the
apartment complex at the time of the robbery.  He said that he saw the police
chasing somebody through the apartment complex, and everyone took off running. 
He feared being caught gambling, and he hid on the patio where he was
discovered.  He testified that he did not see the brown bag until police showed
it to him.  He also explained that he did not have a glove on him, and he did
not see the glove until police produced it and showed it to him.

The court found appellant guilty of aggravated
robbery and sentenced him to fifteen years’ imprisonment.  This appeal
followed.

ANALYSIS

Appellant argues that the evidence is factually
insufficient to support his conviction because there was insufficient evidence
to prove his identity.  In particular, appellant argues that (1) no eyewitnesses
to the robbery who testified at trial could identify appellant as one of the
robbers, (2) the surveillance video does not show—and no testifying
eyewitnesses could describe—the distinctive clothing that appellant was wearing
when he was apprehended shortly after the crime occurred, and (3) the State
failed to adduce forensic scientific evidence linking appellant to the crime,
including DNA testing on the glove or gunpowder residue testing on appellant.

While this appeal was pending, the Court of Criminal
Appeals held that only one standard should be used to evaluate the sufficiency
of the evidence in a criminal case: legal sufficiency.  Brooks v. State,
No. PD-0210-09, — S.W.3d —, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6,
2010) (plurality opinion); id. at *22 (Cochran, J., concurring). 
Accordingly, we review the sufficiency of the evidence in this case under a
rigorous and proper application of the Jackson v. Virginia, 443 U.S. 307
(1979), legal sufficiency standard.  Brooks, 2010 WL 3894613, at *11
(plurality opinion). 

When reviewing the sufficiency of the evidence, we
view all of the evidence in the light most favorable to the verdict to
determine whether the fact finder was rationally justified in finding guilt
beyond a reasonable doubt.  Id. at *5; Williams v. State, 235
S.W.3d 742, 750 (Tex. Crim. App. 2007).  This court does not sit as a
thirteenth juror and may not substitute its judgment for that of the fact
finder by re-evaluating the weight and credibility of the evidence.  Brooks,
2010 WL 3894613, at *7; Williams, 235 S.W.3d at 750.  We defer to the
fact finder’s resolution of conflicting evidence unless the resolution is not
rational.  Brooks, 2010 WL 3894613, at *7 & n.8, *11.  Our duty as a
reviewing court is to ensure that the evidence presented actually supports a
conclusion that the defendant committed the crime.  Williams, 235 S.W.3d
at 750.

Reviewing the witness testimony in this case with the
appropriate level of deference to the trial court’s credibility determinations,
we note the following evidence supports the conclusion that appellant was one
of the robbers: (1) a glove matching one left at the scene of the crime and
worn by one of the robbers was found on appellant, (2) a satchel with three
pistols—one for each gunman observed in the surveillance video—was found near
appellant when he was hiding from police, (3) appellant attempted to evade
police by hiding on the patio of an apartment complex near the scene of the
crime, (4) Officer Streety chased two people to the same area in which
appellant was located, (5) Officer Jackson observed two people running in
Officer Streety’s direction, away from the crime scene, and (6) Officer Salley
observed appellant being identified by two eyewitnesses.  Regarding appellant’s
testimony about the glove, the bag, and shooting dice, the trial court was free
to make credibility determinations and adopt one version of the evidence over
another.  The testimony regarding Manasiya’s identification is weak, but
eyewitness testimony is not necessary to determine identity.  See Earls v.
State, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986) (“Evidence as to the
identity of the perpetrator of an offense can be proved by direct or
circumstantial evidence.”); Roberson v. State, 16 S.W.3d 156, 167 (Tex.
App.—Austin 2000, pet. ref’d) (“[I]dentity may be proven by inferences.”); see
also Conyers v. State, 864 S.W.2d 739, 740–41 (Tex. App.—Houston
[14th Dist.] 1993, pet. ref’d) (rejecting legal sufficiency challenge when
there was no eyewitness identification, but surveillance screenshots were
available, “and the jury could compare the photos with the physical appearance”
of the defendant).

Appellant also argues that he cannot be identified
from the surveillance video because the distinctive shirt he was wearing the
night of the robbery is not visible on the video.  The shirt was black and had
the print of a large white hand on the front with red lettering on the chest.  We
have reviewed the video and State’s Exhibits 13–16.  Exhibits 13–16 are
photographs showing the clothing appellant was wearing the night of the
robbery.  Contrary to appellant’s assertion, this evidence bolsters the State’s
case.  One of the robbers in the video is wearing clothing that bears a
sufficient resemblance to appellant’s clothing to allow a fact finder to infer
that appellant was one of the robbers.  For example, both the video and the
photographs show (1) dark pants with red markings on the back, (2) black shoes
with white writing, (3) red markings on the upper chest area of the black
shirt, and (4) large white tags on the upper rear part of the shirt.  The large
white hand on appellant’s shirt in Exhibit 13 is mostly obscured by the brown
mesh bag in the surveillance video, but the video still shows the robber
wearing a shirt with two thick, white, vertical lines on the front with gray
shading between the lines, consistent with the design in Exhibit 13.

After reviewing the testimony heard by the trial
court, the photographs of appellant’s clothing, and the surveillance video, we conclude
that a rational fact finder could have found guilt beyond a reasonable doubt. 
In fact, the evidence in this case preponderates in favor of the State, and we
may not overturn a conviction under these circumstances.  See Steadman
v. State, 280 S.W.3d 242, 247 (Tex. Crim. App. 2009).  Reasonable
inferences of identity could be made, and the fact finder was able to compare
the clothing worn by appellant to the clothing worn by one of the suspects in
the surveillance video.  Finally, we note that appellant’s contention regarding
forensic evidence is unpersuasive.  Having decided that the testimonial
evidence and video identification evidence were sufficient when considered
together, the lack of any additional forensic evidence does not justify a
reversal.  See, e.g., Johnson v. State, 176 S.W.3d 74, 78 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d) (rejecting a sufficiency challenge
despite the lack of physical or forensic evidence because the evidence was
otherwise sufficient).

Appellant’s issue is overruled, and we affirm the
trial court’s judgment.

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Mirabal.*

Do Not Publish — Tex. R. App. P. 47.2(b).

 









*
Senior Justice Margaret Garner Mirabal sitting by assignment.