## THOMPSON v. STATE. (No. 11365.)

Court of Criminal Appeals of Texas. Feb. 22, 1928.

Rehearing Denied June 23, 1928.

1. **Criminal law** ⚖⇒1170(4)—**Error in refusing to permit defendant to testify whether he knew what prescription liquor cost held harmless, where he testified in respect thereto at another time.**

In prosecution for unlawful transportation of intoxicating liquor, error in refusing to permit defendant to testify whether he knew what prescription liquor cost *held* not harmful, where substantially same testimony was given by him.

2. **Criminal law** ⚖⇒1169(2) — **Officer having testified without objection that he had been watching defendant's premises, error in admitting his testimony respecting reports of law violations held harmless.**

In prosecution for unlawful transportation of intoxicating liquor, in which officer testified without objection that he had been watching defendant's place of business, error in permitting him to testify that it had been reported to him that there had been violations of law going on at such place of business *held* not so harmful as to require reversal.

3. **Criminal law** ⚖⇒1165(2) — **Conviction will not be reversed for technical errors not affecting verdict, where guilt clearly established.**

Where testimony clearly established defendant's guilt of transporting intoxicating liquor, conviction will not be reversed for technical errors not affecting verdict.

4. **Intoxicating liquors** ⚖⇒236(20) — **Evidence held to support conviction for unlawfully transporting intoxicating liquor.**

In prosecution for unlawful transportation of intoxicating liquor, evidence *held* sufficient to support conviction.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

H. O. Thompson was convicted of unlawfully transporting liquor capable of producing intoxication, and he appeals. Affirmed.

T. B. Ridgell, of Breckenridge, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful transportation of liquors capable of producing intoxication; penalty, one year in the penitentiary.

Appellant, according to the officers, got in a car with one Crawford on the night in question at appellant's filling station and drove off and was followed by the officers. After following them a while the officers lost them, but again came upon them. Appellant and his companion drove into an alley and stopped a while. The car backed out and started down the street, whereupon it was intercepted by the officers, who found three half gallon jars of whisky broken in the car. The appellant had gotten out of the car prior to this and run off. The officers went after him. Appellant came up to the car. Crawford hollered, "Look out!" whereupon appellant ran and afterwards broke a half gallon jar of whisky on the curb near the car.

It seems that prior to the trial an agreement had been made between appellant and the district attorney to the effect that appellant and Crawford were to plead guilty; appellant was to get one year in the penitentiary and Crawford was to get a suspended sentence; and that Crawford had pleaded guilty and had received a suspended sentence.

---

In this conversation appellant agreed that the whisky belonged to him and that Crawford had nothing to do with it and that he would take all of the responsibility for the whisky and that he, appellant, had transported the whisky. When this case was called for trial, the attorney for appellant again agreed in the presence of the jury and appellant and in open court to plead guilty, but when the appellant was called on to plead, he protested his innocence, whereupon the court refused to receive same and the appellant's then attorney quit the case and another was employed and the trial proceeded.

Appellant admitted his possession of the whisky and that he broke the jar on the curb. He claimed to have bought it from a bootlegger for his sick wife. He failed to deny his admission of guilt to the district attorney or his agreement to plead guilty.

[1] Complaint is made of the refusal of the court to permit appellant while on the stand as a witness to answer if he knew what prescription liquor cost. The state had theretofore asked him if he went by the drug store and tried to buy prescription liquor. The statement of facts shows that appellant was permitted to testify: "I was more able to buy that kind (meaning bootleg liquor) than the other (apparently meaning prescription liquor)." While we think appellant was entitled to this proof, in view of the fact that substantially the same testimony was given by him and especially in view of this being an offer to prove a fact which the jury undoubtedly knew as well as appellant, we cannot believe the error was harmful.

[2] Further complaint is made of the testimony of the officer who watched appellant's place of business to the effect that it had been reported to him that there had been violations of the law going on out there. This witness testified without objection that he was watching appellant's place of business, which was but another way of saying that he suspected that there were violations of law going on out there, and we do not think this testimony was of that harmful character which would demand a reversal, though not admissible.

[3, 4] In connection with the above two bills, we desire to say further that the testimony so overwhelmingly showed the guilt of appellant that we would not feel justified in reversing this case on technical errors, which in our opinion could not have affected the verdict of the jury. Appellant received the lightest penalty authorized by law, and his own testimony, together with the testimony of his admissions of guilt to the district attorney, which were undenied by him, are sufficient themselves to support a conviction, in our opinion, and it seems to us that no other verdict could have been rendered than one of guilty.

Other bills are so qualified as to show no error and are not discussed.

Believing that no prejudicial error has been committed, the judgment is in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. Appellant renews his complaint of the reception in evidence of various minor matters, the materiality of which is questionable. We have again reviewed each one of these complaints, and deem the matters referred to of no possible harm to the accused, in view of the fact that the jury gave him the lowest penalty. None of the matters referred to seem to materially affect the defensive theory relied on. Appellant agreed to plead guilty, and this fact was stated to the jury by the attorney representing him at the beginning of the trial. This fact was known to all the jurors on the panel. When he made some statements at some stage in the early part of the trial indicating that he was not sure whether he was guilty or not, the learned trial judge correctly refused to accept his plea and had a plea of not guilty entered for him. There is no question of his guilt. No injury being manifested by an increased penalty above the minimum, we deem the matter referred to of no possible harm.

The motion for rehearing is overruled.