**Autum D'Anna CORNISH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–04–00661–CR.**

Court of Appeals of Texas,
San Antonio.

July 27, 2005.

Laird Palmer, Mason, for appellant.

Shain Chapman, County Attorney–Mason County, Mason, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Appellant Autum D'Anna Cornish was found guilty of furnishing alcohol to a minor and was sentenced to 180 days in jail and a fine of $750.00. The trial court then suspended her sentence and placed her on community supervision for one year. In a single issue, Cornish argues that the evidence is legally insufficient to support her conviction because the non-accomplice evidence does not tend to connect her with the offense. We disagree and affirm the judgment of the trial court.

### BACKGROUND

At trial, Department of Public Safety Trooper Lewis Herrington testified that on April 10, 2004, at approximately 7:00 p.m., he stopped Jimmy Polacio and Christopher Morquecho for speeding. When Trooper Herrington approached the car, he noticed

a strong smell of alcohol emanating from the car. Trooper Herrington discovered six empty bottles of beer and a larger case of Keystone Light beer behind the driver's seat. At the time of the stop, both Jimmy Polacio and Christopher Morquecho were under the age of twenty-one.

In Morquecho's written statement, which was admitted at trial as State's Exhibit 4, Morquecho explains that he received the beer from Appellant, Autum Cornish:

> I was at home around 12:00 p.m. and Jimmy decided to pick me up to go drink [sic]. I assumed that he had been drinking already but I really didn't think of anything [sic]. He had already [sic] a 6 pack of Bud Light that we drank that he claimed that it was his mom's. So we went and finished it. He said that he needed more beer. So we took a cruise and saw Autum Cornish and he asked her if she would get any beer. She said, "Yes." So she got it and we meet [sic] at the park and she gave it to us.

Morquecho testified that after asking Cornish to go get the beer, she departed and returned with a twenty-four-pack of Keystone Light which she delivered to Morquecho and Polacio at a nearby park. Morquecho and Polacio paid her and departed.

Trooper Herrington, after securing Cornish's name from Morquecho and Polacio, obtained a warrant for her arrest. At approximately 10:00 p.m. that same day, Trooper Herrington saw Cornish driving around town and followed her to a convenience store where he and three other law

enforcement officers approached her. Trooper Herrington activated a video camera located in his car. He testified that there were five other young women in the car and that all but one were under the age of twenty-one. Trooper Herrington questioned Cornish who admitted to drinking. He then arrested Cornish and read the Miranda warning to her. After the warning was read, Cornish stated that she wanted to get her purse. Trooper Herrington found an open beer in her purse. He discovered another open beer in the console of the car.

Cornish was charged with violating section 106.06 of the Texas Alcoholic Beverage Code which makes it an offense to purchase for, give, or make available an alcoholic beverage to a minor. TEX. ALC. BEV.CODE ANN. § 106.06(a) (Vernon Supp. 2004–05). A "minor" is defined as anyone under the age of twenty one. *Id.* § 106.01 (Vernon 1995). Cornish entered a plea of not guilty and waived her right to a jury trial. On September 14, 2004, the trial court found Cornish guilty, suspended her sentence, and placed her on community supervision for one year. Cornish brings one issue on appeal, arguing that the evidence is legally insufficient to support her conviction.

## SUFFICIENCY OF THE EVIDENCE

Cornish complains that she was convicted on the uncorroborated testimony of an accomplice witness, Christopher Morquecho. An accomplice witness is someone who participates before, during or after the commission of the crime.[1]

---

1. A person is an accomplice if he could be prosecuted for the same offense as the defendant, or a lesser-included offense. *Blake v. State,* 971 S.W.2d 451, 454–55 (Tex.Crim.App. 1998). "By this we mean that a person is an accomplice if there is sufficient evidence connecting [him] to the criminal offense as a blameworthy participant." *Id.* at 455 (emphasis added). The test is whether "there is sufficient evidence in the record to support a charge against the witness alleged to be an accomplice." *Id.* (citations omitted). Before *Blake,* under the juvenile exception to the accomplice-witness rule, a juvenile could not

*Williams v. State,* 995 S.W.2d 754, 759 (Tex.App.-San Antonio 1999, no pet.) (citing *Blake v. State,* 971 S.W.2d 451, 454 (Tex.Crim.App.1998)); *see McDuff v. State,* 943 S.W.2d 517, 520 (Tex.App.-Austin 1997, pet. ref'd).

 The "accomplice-witness rule," as set out in article 38.14 of the Texas Code of Criminal Procedure, states that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE.CRIM. PROC. ANN. art. 38.14 (Vernon 2005). Because accomplice-witness testimony is "inherently suspect," there must be corroborating evidence to support a conviction. *Jones v. State,* 982 S.W.2d 386, 389 n. 5 (Tex.Crim.App.1998). Evidence that proves merely the commission of the offense is insufficient to meet the standard. *Cathey v. State,* 992 S.W.2d 460, 462 (Tex.Crim.App.1999).

 In conducting a sufficiency review under the accomplice-witness rule, a reviewing court must eliminate the accomplice testimony from consideration and then examine the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Solomon v. State,* 49 S.W.3d 356, 361 (Tex.Crim.App. 2001). Because the standard is "tendency to connect," rather than a rational sufficiency standard, the corroborating evidence need not be sufficient by itself to establish guilt. *Id.* If the combined weight of the non-accomplice evidence tends to

connect the defendant to the offense, the requirement of article 38.14 has been fulfilled. *Cathey,* 992 S.W.2d at 462. The court may consider all facts and circumstances to establish corroboration and the corroborative evidence may be circumstantial or direct. *Gosch v. State,* 829 S.W.2d 775, 777 (Tex.Crim.App.1991). Each case must be considered on its own facts and circumstances. *Munoz v. State,* 853 S.W.2d 558, 559 (Tex.Crim.App.1993).

Cornish argues that the evidence does not tend to connect Cornish to the offense of furnishing alcohol to a minor. She asserts that if Morquecho's testimony is eliminated from consideration, there is no corroboration of any kind to connect Cornish with the offense of furnishing alcohol to a minor. According to Cornish, the State relies exclusively on Trooper Herrington's testimony for corroboration. And, Cornish believes that Trooper Herrington's testimony merely proves that Cornish was in a car with five young women in the parking lot of the Town and Country Store and that two open beers were discovered.

In contrast, the State argues that Trooper Herrington's testimony, when paired .with the video tape showing Cornish's arrest, corroborates Morquecho's testimony. According to the State, the record clearly substantiates Morquecho's claim that Cornish provided him with alcohol. Morquecho testified that Cornish provided him and Polacio with beer. Approximately three hours later, Trooper Herrington apprehended Cornish in a parking lot with beer in her purse, open beer in the car, and drinking with under-

be an accomplice witness. *See id.* at 455–57. In *Blake,* however, the court of criminal appeals held that the juvenile exception to the accomplice witness rule was contrary to the purpose of the accomplice-witness rule. *Id.* at 460. According to the court, the heart of

the accomplice is the legislature's inherent suspicion and belief in the untrustworthiness of the accomplice's testimony. Thus, the court of criminal appeals found "no reasons to distinguish adult testimony from juvenile testimony in this regard." *Id.* at 461.

age friends. Cornish attempted to take her purse with the beer in it to jail but Trooper Herrington poured out the beer in the parking lot of the convenience store.

According to the State, the non-accomplice evidence establishes the following: (1) on the evening in question within three hours of the apprehension of Christopher Morquecho, Cornish was found by Trooper Herrington driving around town with underage women in her company; (2) at that time, Cornish had an open alcoholic beverage in her immediate possession; (3) Cornish admitted that she and the occupants of the car were drinking alcohol; and (4) Cornish was making alcohol available to the minors in her company at the time she was apprehended.

Although the final assertion must be inferred through circumstances, the State has presented corroborating evidence sufficient to sustain the lower court's judgment. Trooper Herrington's testimony, coupled with the videotape, tend to connect Cornish with the offense of furnishing alcohol to Morquecho and Polacio. It is not necessary for the evidence to directly link Cornish with the offense. *See Knox v. State*, 934 S.W.2d 678, 686 (Tex.Crim.App. 1996). We, therefore, overrule Cornish's sole issue.

### Conclusion

Having overruled Cornish's sole issue, we affirm the judgment of the trial court.

Dissenting opinion by ALMA L. LÓPEZ, Chief Justice.

ALMA L. LÓPEZ, Chief Justice, dissenting.

Because I believe the evidence is insufficient to corroborate the accomplice witness's testimony, I respectfully dissent. Eliminating the accomplice witness testimony from consideration, the only evi-

dence in the record establishes: (1) Cornish was a passenger in a car three hours after the accomplice witness was arrested for minor in possession of alcohol; (2) the other occupants of the car were one female over twenty-one years of age and three female minors; (3) an open container of beer was located in Cornish's purse; (4) an open container of beer was located on the console of the car; and (5) the other occupants of the car admitted they had consumed from a few sips of beer to one beer. The majority states that the evidence established that "Cornish was making alcohol available to the minors in her company at the time she was apprehended;" however, there is no evidence in the record to establish that Cornish furnished the alcohol. The alcohol could have been furnished by any of the occupants and likely more easily by the only occupant of the car who was over twenty-one years of age, who was not Cornish. Non-accomplice evidence that establishes that the accused was in the company of the accomplice before, during, and after the commission of the offense has been held to be insufficient corroboration. *Dowthitt v. State*, 931 S.W.2d 244, 249 (Tex.Crim.App.1996); *Rios v. State*, 982 S.W.2d 558, 560 (Tex. App.-San Antonio 1998, pet. ref'd). In this case, the evidence is even weaker because it merely establishes that Cornish was in the company of other minors who admitted to consuming alcohol. The evidence does not even establish that the car in which Cornish was riding was even in the same vicinity as the park where Cornish allegedly gave the alcohol to the accomplice. The evidence in this case does no more than raise a suspicion that Cornish might be willing to furnish alcohol to minors; however, such a suspicion is insufficient corroboration. *Saunders v. State*, 794 S.W.2d 91, 94 (Tex.App.-San Antonio 1990), *aff'd,*

817 S.W.2d 688 (Tex.Crim.App.1991). For these reasons, I respectfully dissent.