**Affirmed and Memorandum Opinion filed April 3, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00200-CR

---

**CEDRIC MAURICE JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1190293**

---

## MEMORANDUM OPINION

Appellant Cedric Jackson appeals the revocation of his community supervision, challenging the sufficiency of the evidence supporting this ruling and arguing that the trial court abused its discretion in denying a number of his pre-trial motions. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 3, 2010, appellant pleaded "guilty" to the felony offense of aggravated robbery. The court deferred entering an adjudication of guilt and placed appellant under community supervision for a ten-year period to begin on May 24, 2010.

Several months later, on December 6, 2010, the State moved to adjudicate appellant's guilt, alleging that appellant had violated the terms and conditions of community supervision by: (1) committing an offense against the State, aggravated robbery (hereinafter the "Second Offense"), and exhibiting a deadly weapon in the course of the commission of that offense; (2) failing to present written verification of employment; and (3) failing to show participation in community service. At an evidentiary hearing, appellant pleaded "not true" to all grounds.

Before the hearing, the trial court granted appellant's motion to appoint an expert to perform an independent examination of DNA evidence obtained by the State regarding the Second Offense. Appellant also filed three pretrial motions: (1) a motion for continuance; (2) an application for a writ of habeas corpus, challenging the probable cause to support an arrest warrant and search warrant regarding the Second Offense; and (3) a motion to suppress evidence relating to the Second Offense and stemming from appellant's arrest and a search pursuant to a search warrant.

On the day of the evidentiary hearing, appellant sought a continuance, claiming that the appointed DNA expert had not yet reviewed the evidence. The trial court denied appellant's motion "in part," noting that because appellant did not plan to call the expert right away, appellant would not be prejudiced by proceeding with the hearing. The trial court ruled that if appellant later sought to call the DNA expert, then the trial court could recess the proceedings and allow the appellant an opportunity to meet with the expert. In regards to appellant's pretrial application for writ of habeas corpus, the trial court observed that the application for writ had been filed on the day of the hearing and could be taken up in ten days if not moot before that point. The trial court did not rule on the pretrial writ. When the trial court indicated it would not immediately rule on appellant's motion to suppress but instead would carry it with the hearing, appellant voiced no objection.

2

At the hearing, the State presented evidence that law enforcement officers were dispatched to a jewelry store in response to calls about a robbery. Officers learned from the storeowner that two black males, one wearing a white shirt and one wearing a black shirt, entered the store together. The storeowner told officers that the man wearing the white shirt asked him about a watchband and the one wearing a black shirt, who had longer hair, struck him on the head with a pistol. According to the storeowner, both men brandished guns and "beat" him before escaping with valuable jewelry from the store. The men fled in a green sport utility vehicle.

Officers viewed the surveillance video from the store and eventually arrested Derrick Franklin in connection with the offense. Franklin told officers of appellant's involvement. With this information and after pursuing a tip, officers obtained and executed a warrant for appellant's arrest. Appellant objected to an officer's testimony about how the officers procured the arrest warrant. The State responded that it was not offering any statements or evidence stemming from appellant's arrest. The trial court overruled appellant's objection.

On direct examination, the storeowner testified he was not able to identify the men who robbed him. On cross-examination, the storeowner testified that although he at first could not identify the person who robbed him, after watching the video and seeing appellant in court, he could make an identification. The storeowner then identified appellant as a participant in the robbery. The storeowner testified that he did not see the person who wore a black shirt in the courtroom.

Franklin testified that he and appellant entered the store together. According to Franklin, his hair was longer the day of the robbery and he wore a black shirt. Franklin testified that appellant, who wore a white shirt, asked the storeowner about a watchband. Franklin testified that he was the first to brandish a firearm and that he struck the storeowner with his gun. Franklin testified that he and appellant both brandished guns in committing the offense.

3

Appellant's probation officer testified that he had met with appellant multiple times. According to the probation officer, appellant failed to provide proof of employment or participation in community service in accordance with the terms and conditions of community supervision.

The record reflects that at the conclusion of the State's case, the trial court noted the "DNA issue" was "moot." At that time, appellant sought to abate the proceeding because he wanted to call his DNA expert, who had not yet reviewed the DNA evidence, and because the DNA evidence may have contained exculpatory information. The trial court indicated that an abatement was unnecessary because appellant had not indicated whether the expert testimony was favorable to his defense. The trial court also commented that appellant could file a "DNA writ" if the evidence was later deemed favorable.

The trial judge found the allegations in the motion to adjudicate guilt to be true, revoked appellant's community supervision, and sentenced appellant to fifty-five years' confinement.

## ISSUES AND ANALYSIS

### Is the evidence legally sufficient to sustain the adjudication?

In his third issue, appellant challenges the sufficiency of the evidence to sustain the trial court's revocation of his community supervision. According to the appellant, the evidence submitted at the revocation hearing to adjudicate guilt was insufficient to demonstrate that appellant committed the Second Offense in violation of the terms and conditions of his community supervision.

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). When a trial court finds several violations of community-supervision conditions, we affirm the order revoking community supervision

4

if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Hart v. State*, 264 S.W.3d 364, 367 (Tex. App.—Eastland 2008, pet. ref'd); *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

A person commits the offense of robbery if, in the course of committing theft and with intent to obtain and maintain control of property, that person "(1) intentionally, knowingly, or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code Ann. § 29.02 (West 2011). The offense becomes aggravated robbery if the person committing the robbery uses or exhibits a deadly weapon. Tex. Penal Code Ann. § 29.03(a)(2) (West 2011).

A claim of insufficient evidence is limited to the traditional legal-sufficiency analysis in which we view the evidence in the light most favorable to the decision to revoke. *See Hart*, 264 S.W.3d at 367. In determining questions regarding the sufficiency of the evidence in community-supervision revocation cases, the State has the burden to establish by a preponderance of the evidence that appellant committed a violation of the terms and conditions of community supervision. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). The preponderance-of-the-evidence standard is met when the greater weight of the credible evidence before the trial court supports a reasonable belief that a condition of community supervision has been violated. *Rickels*, 202 S.W.3d 759, 764 (Tex. Crim. App. 2006). When the State fails to meet its burden, it is an abuse of discretion for the trial and court to issue a revocation order. *Cardona*, 665 S.W.2d at 493–94.

In a revocation proceeding, the trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given to witnesses' testimony. *Diaz v. State*, 516 S.W.2d 154, 156 (Tex. Crim. App. 1974); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Reconciliation of conflicts and

5

contradictions in the evidence is within the province of the factfinder, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Cooks v. State*, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992); *see* Tex. Code. Proc. Ann. art. 38.04 (Vernon 1979).

Appellant points to the following evidence to support his sufficiency challenge:

- No evidence directly links appellant to the crime;
- Franklin's uncorroborated accomplice testimony is unreliable; and
- The storeowner's testimony is not credible because he was inconsistent in being able to identify the individual who robbed him.

According to the record, the two men who entered the store brandished weapons and fled the store with valuable jewelry. Franklin testified that he wore black and that appellant wore white when they entered the store. The surveillance video was played in open court, depicting two men in the store, brandishing weapons and taking jewelry before fleeing. After watching the surveillance video, the storeowner identified appellant as one of the participants. *See Conyers v. State*, 864 S.W.2d 739, 741 (Tex. App.— Houston [14th Dist.] 1993, pet. ref'd) (holding that sufficient evidence supported conviction when still photos developed from the store's security video, and storeowner's identification of appellant based off the photos were the only evidence identifying the accused). The storeowner's identification of appellant and surveillance video footage support Franklin's testimony. *See Cornish v. State*, 172 S.W.3d 676, 680 (Tex. App.— San Antonio 2005, no pet.) (holding sufficient evidence to corroborate an accomplice's testimony when testimony from arresting officer matched video footage). To the extent appellant seeks to have this court reweigh the storeowner's credibility, the court will not oblige. *See Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999) (denying sufficiency challenge when appellant challenged witness testimony and identification stating that appellant's arguments amounted to attacks on the credibility of the State's evidence and that the trier of fact is the sole judge of the credibility of witnesses and the strength of the witnesses); *Diaz*, 516 S.W.3d at 156 (stating that in a revocation

proceeding, the trial judge is the sole trier of facts). The trial judge, as finder of fact, reasonably could have determined, by comparing the men in the video with appellant's likeness, that appellant participated in the offense. *See Conyers*, 864 S.W.2d at 741. (concluding the jury could compare surveillance photos entered into evidence with the physical appearance of appellant in holding the evidence was sufficient).

Appellant also argues that, without finding appellant guilty of the offense against the state, appellant's community service file would not have been evaluated for the other violations. When a trial court finds several violations of community supervision conditions, the order revoking community supervision can be affirmed with proof of any single allegation. *See Moore*, 605 S.W.2d at 926.

The record contains sufficient evidence for the trial judge to have formed the reasonable belief that appellant committed the Second Offense. *See Conyers,* 864 S.W.2d at 741 (holding evidence was sufficient to support conviction for aggravated robbery). The State met its burden in proving that appellant violated terms of his community supervision, and the evidence is sufficient to support the trial court's order revoking appellant's community supervision.[1] *See Rickels*, 202 S.W.3d at 764. Accordingly, the trial court did not abuse its discretion in finding appellant violated the conditions of his community supervision, revoking appellant's community supervision, and adjudicating guilt. *Id.* Accordingly, we overrule appellant's third issue.

---

[1] In any event, the evidence is sufficient to support the revocation based upon appellant's violation of the terms and conditions of his community supervision by repeatedly failing to provide proof of employment or participation in community service. *Stephens v. State*, 983 S.W.2d 27, 29 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (holding community-supervision revocation evidence sufficient after State abandoned the allegations that appellant committed an offense against the laws of this State, upon showing through probation officer's testimony that appellant violated the terms and conditions of community supervision by failing to report as required).

**Did the trial court err in denying appellant's motion for continuance?**

In his second issue, appellant asserts that the trial court erred in denying his motion for continuance, and that the trial court's ruling denied him the right to a meaningful defense.

We review a trial court's denial of a motion for continuance under an abuse-of-discretion standard. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). An abuse of discretion occurs when a trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). To establish that the trial court abused its discretion in denying a motion for continuance, an accused must show specific prejudice to his defense. *Renteria v. State*, 206 S.W.3d 689, 699 (Tex. Crim. App. 2006).

As a threshold matter, we first consider whether appellant preserved this complaint for appellate review. To preserve error from a trial judge's denial of a motion for a continuance, the appellant's request for a continuance must have been presented in a sworn, written motion. *See* Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (West 2006); *Anderson v. State*, 301 S.W.3d 276, 279–81 (Tex. Crim. App. 2009) (holding that appellant's unsworn pretrial oral motion for a continuance failed to preserve his claim for appellate review). The record reflects that appellant's motion for continuance is not sworn and thus did not preserve his complaint for appellate review. *See Anderson,* 301 S.W.3d at 281.

To the extent appellant asserts that the trial court abused its discretion because denying his motion for continuance denied him the right to a complete defense, even constitutional rights may be waived if not properly preserved. *See Anderson*, 301 S.W.3d at 280 (holding that "constitutional rights, including those that implicate a defendant's due process right, may be forfeited for purposes of appellate review unless properly preserved"); *Dewberry v. State*, 4 S.W.3d 735, 756 n.22 (Tex. Crim. App. 1999) (refusing to exercise "equitable powers" to preserve appellant's unsworn motion for

continuance for appellate review); *Rogers v. State*, 640 S.W.2d 248, 264–65 (Tex. Crim. App. 1982) (op. on second motion for reh'g) (stating the general rule for preservation applies to constitutional questions). Appellant did not properly preserve his complaint by lodging this objection at trial. *See Anderson*, 301 S.W.3d at 280. Therefore, appellant waived his right to complain on appeal that he was unable to present a complete defense. *See id.*

We overrule appellant's second issue.

**Did the trial court err in failing to rule on the pre-trial motions and instead carry them with the case?**

In his first issue, appellant argues that the trial court denied him due process of law by failing to rule on the merits of his pretrial application for writ of habeas corpus and motion to suppress before hearing testimony in the adjudication hearing. In both his motion and writ, appellant challenged the sufficiency of the affidavits to support probable cause, the search warrant, and arrest warrant relating to the Second Offense.

The record reflects that when appellant raised his motion to suppress and pretrial writ of habeas corpus, the trial court ruled that it would "carry the motion with the hearing." The trial court did not rule on the pretrial writ application, noting that it was filed that day and the State had ten days to prepare a response. Appellant responded "Yes, ma'am," and voiced no further objections to carrying the motion to suppress with the hearing. Appellant did not object to the trial court's failure to rule on the writ or motion before proceeding with the adjudication hearing. For the first time, on appeal, appellant asserts that the trial court erred in failing to rule on the pretrial motions and that this alleged error violated his right to due process.

For appellant to have preserved these complaints for appellate review, it was incumbent upon him to have made a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. Tex. R. App. P. 33.1(a); s*ee Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002). Appellant's

9

contention also must comport with the specific objection made at trial. *See Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). An objection stating one legal theory at trial may not be used to support a different legal theory on appeal. *See Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995). With few exceptions, not applicable in this case, even constitutional complaints may be waived by the failure to raise a timely objection in the trial court. *See Anderson*, 301 S.W.3d at 281. Having failed to object to the trial court's procedures, appellant may not complain now that his rights to due process were violated when the trial court deferred its ruling on the motion. *See id.* at 280 (holding that "constitutional rights, including those that implicate a defendant's due process right, may be forfeited for purposes of appellate review unless properly preserved"); *Wilson*, 71 S.W.3d at 349 (holding that appellant failed to preserve error for appellate review by not making a specific objection and obtaining a ruling on that objection).

In any event, the trial court is vested with the discretion to hold a hearing on a pretrial motion to suppress. *See* Tex. Code Crim. Proc. Ann. art. 28.01 (West 2006); *Calloway v. State*, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). The trial court may elect to consider the merits of a motion to suppress only during trial—when a proper objection is asserted—rather than in a pretrial hearing. *See Calloway*, 743 S.W.2d at 649. Accordingly, the trial court did not abuse its discretion in carrying the pretrial motion with the hearing. *See id.* (holding that trial court did not abuse its discretion in failing to consider a motion to suppress before the trial because appellant was able to make an objection to the evidence at trial).

We overrule appellant's first issue.

The trial court's judgment is affirmed.


/s/      Kem Thompson Frost
          Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — TEX. R. APP. P. 47.2(b).