

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-13-00023-CR**
**NO. 02-13-00024-CR**
**NO. 02-13-00025-CR**
**NO. 02-13-00026-CR**


JACK EGBERS                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In two issues, appellant Jack Egbers appeals his four convictions of providing alcohol to minors.[2]  In his first issue, Egbers argues that he was denied

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Alco. Bev. Code Ann. § 106.06(a) (West Supp. 2013).

his rights under the Confrontation Clause because the State did not call one of the complainants to testify at trial. In his second issue, he argues that the minor complainants in this case should be considered accomplices as a matter of law, and as such, the "[n]on-accomplice" evidence is insufficient to support his convictions; therefore, he should be acquitted of the four charges. We will affirm.

## II. BACKGROUND

Roanoke Police Department patrol officer Jimmy Hutchison testified that on May 2, 2011, V.F., who was thirteen years old at the time, and her parents came to the Roanoke Police Department to file a report alleging that Egbers had furnished alcohol to four minor girls, including V.F., on the night of April 30, 2011. Per his duties at the police department, Hutchison took the report and passed it on to his sergeant. The sergeant assigned the case to detective Sandy Pettigrew.

Pettigrew testified that the report involved four minor girls. The record shows two were thirteen, including V.F.; one was fourteen; and one was fifteen. Pettigrew's investigation revealed that a video existed of the four minor girls and Egbers's teenage daughter drinking alcohol at Egbers's residence. Pettigrew obtained a warrant to search his residence. According to Pettigrew, the search revealed a camera containing a video. Pettigrew watched the video and observed Egbers in his daughter's bedroom pouring alcohol into one of the thirteen-year-olds' navels and the fourteen-year-old's navel and drinking the alcohol directly from their bellybuttons. Pettigrew said that the video led her to

2

believe that Egbers had not only purchased the alcohol, but also made it available to the four minor girls. The video was also played for the jury. In the video, one can hear Egbers talking to the girls. At one point Egbers can be heard saying, "I thought you would have gotten into the tequila already." Later, Egbers can be heard instructing one of the thirteen-year-old girls and the fourteen-year-old girl to "lie down," as he performed "body shots" on them. While he performed "body shots," one of the girls' shirts had been removed, and she appeared to be in her jeans and bra only. In another portion of the video, one of the girls can be heard saying, "I feel like I'm drunk."

Pettigrew also found a bottle of tequila and a bottle of watermelon vodka on the top shelf of Egbers's kitchen pantry. Pettigrew averred that the brands and types of alcohol "were the same" as the brands and types of alcohol her investigation revealed Egbers had provided the minor girls. Pictures of these bottles of alcohol were published to the jury. The bottle of vodka specifically matches the brand and type of vodka that Egbers can be seen using while he performed the body shots on two of the girls.

Sergeant Jose Gallo testified that he accompanied Pettigrew during the search of Egbers's residence. Gallo questioned Egbers about furnishing alcohol to the four minor girls. By Gallo's account, Egbers told him that he "got caught up in . . . their little dumb shit." When Gallo asked Egbers where the alcohol was stored, Egbers explained that it was in the kitchen pantry. Gallo said that Egbers volunteered that there was "some vodka" in the pantry, "[a]nd then he paused a

3

little while and said, [']some strawberry crap.[']" Gallo also recalled overhearing Egbers tell Pettigrew that the police searching his home was "what he [got] for . . . trying to be a good dad." Gallo's "body mic" captured Egbers's communications with both officers. Portions of the captured audio were played for the jury. In the audio, Egbers can be heard saying to Gallo, "I just got caught up in their dumb little shit," and he can be heard telling Pettigrew, "I try to be a cool dad and I just let things get out of hand is what happened. I didn't use the best judgment."

Three of the minor girls also testified to these events, but the majority of their testimony is unnecessary for the determination of this appeal and thus will not be recited. Significant to Egbers's complaints on appeal is that V.F., the girl who initially went with her parents to report these events to the police, did not testify at trial. It is apparent from the record that Egbers was aware that V.F. would not testify at trial. Egbers mentions her absence in his opening argument and both the State and he questioned one of the other minor girls about V.F.'s whereabouts and why she was not there to testify. After the State closed, and citing the Confrontation Clause, Ebgers moved for a directed verdict on the count of furnishing alcohol to V.F. The trial court denied his motion.

The jury returned a verdict of guilty on all four counts of furnishing alcohol to a minor. After the punishment hearing, the jury assessed punishment at 365 days in jail and a $4,000 fine—the maximum penalty allowed under the statute. The trial court entered judgments accordingly, and this appeal followed.

4

### III. DISCUSSION

### A.    Egbers's Confrontation Clause and Due Process Complaint

In his first issue, Egbers argues that all four of his convictions should be reversed because V.F. did not testify at trial. Egbers's argument is that because she did not testify, his confrontation and due process rights were violated. The State argues that Egbers did not preserve this argument for appeal. We agree with the State.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Sample*, 405 S.W.3d at 300. Even constitutional rights may be forfeited if a proper objection is not asserted in the trial court. *Saldano v. State*, 70 S.W.3d 873, 886–87 (Tex. Crim. App. 2002); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (reasoning that due process

5

complaints are bound by preservation rules); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (holding that due process complaints and confrontation complaints are subject to procedural default).

In this case, Egbers never made a due process objection at trial; thus, to the extent that he lodges a due process violation on appeal, he forfeited such a complaint for our review.[3] Furthermore, as to his confrontation complaint, the only confrontation objection that Egbers lodged at trial involved the singular charge in which V.F. was the complainant. But that objection was not presented until after Egbers explained to the jury in opening arguments that V.F. would not testify, after both Egbers and the State had questioned one of the testifying complainants about V.F.'s whereabouts, and after the State had closed. This objection failed to satisfy the timeliness requirement of preservation; thus, Egbers forfeited such a complaint for our review. *See* Tex. R. App. P. 33.1(a)(1). Finally, Egbers never lodged a confrontation complaint at trial regarding the charges related to the other three complainants; thus, he forfeited any such complaints for our review. *See Anderson*, 301 S.W.3d at 280. We therefore overrule Egbers's first issue.

**B.    Minor Accomplices**

In his second issue, Egbers argues that the evidence is insufficient to support his conviction because the accomplice-witness testimony was not

---

[3]Although Egbers references "due process" multiple times in his argument, he does not cite authority or analyze his argument under due process law; rather, the authorities he cites involve Confrontation Clause issues.

sufficiently corroborated. Egbers's argument is predicated on his contention that the complainants who testified at trial were "accomplices" as a matter of law because they could have been charged with consumption of alcohol by a minor. *See* Tex. Alco. Bev. Code Ann. § 106.04(a) (West Supp. 2013). Egbers's argument is also predicated on his assertion that consumption of alcohol by a minor is a lesser-included offense to the offense the State charged him with; namely, furnishing an alcoholic beverage to a minor. *See id.*

The State counters that consumption of alcohol by a minor is not a lesser-included offense to furnishing an alcoholic beverage to a minor. But the State appropriately brings to this court's attention a sister court's case that supports the argument that even a minor who provides another minor with an alcoholic beverage can be considered an accomplice to an adult who furnished an alcoholic beverage to a minor. *See Cornish v. State*, 172 S.W.3d 676, 679 (Tex. App.—San Antonio 2005, no pet.).

We will assume without deciding that the complainants in this case were accomplices to Egbers's having furnished alcohol to the four minor girls, but we conclude that the non-accomplice evidence in this case sufficiently tends to connect Egbers to the offenses of furnishing alcohol to the four minor girls.

Before addressing Egbers's accomplice complaint, we note that he is not challenging the trial court's failure to submit an accomplice-witness jury instruction, which would be analyzed under jury-charge-error law. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984); *cf. Munoz v. State*, 853

7

S.W.2d 558, 560 (Tex. Crim. App. 1993). Instead, Egbers argues that there is insufficient evidence to corroborate the testimony of the alleged minor-aged accomplices.

"[A] challenge to the sufficiency of the evidence to corroborate the testimony of an accomplice is a challenge to the sufficiency of the evidence to support the jury's verdict on guilt or innocence." *See Munoz*, 853 S.W.2d at 560; *see also Griffin v. State*, 936 S.W.2d 353, 356 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). In this setting, we eliminate all accomplice evidence from the record and determine whether inculpatory facts and circumstances in evidence tend to connect the appellant to the offense to determine whether the accomplice testimony is corroborated. *Munoz*, 853 S.W.2d at 559. "Corroborative evidence need not establish appellant's guilt of the charged offense nor directly link appellant to the offense, but it is sufficient if it 'tends to connect' appellant to the offense." *Id.* All the facts and circumstances are considered, and the corroborative evidence may be circumstantial or direct. *Griffin*, 936 S.W.2d at 356–57 (citing *Brown v. State*, 672 S.W.2d 487, 488 (Tex. Crim. App. 1984)). The accomplice testimony need not be corroborated on every element of the offense. *Id.* (citing *Warren v. State*, 514 S.W.2d 458, 463 (Tex. Crim. App. 1974), *overruled on other grounds by Reed v. State*, 744 S.W.2d 112 (Tex. Crim. App. 1988)).

Additionally, "[p]roof that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious

8

circumstances, may tend to connect the accused to the crime so as to furnish sufficient corroboration to support a conviction." *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008) (quoting *Brown*, 672 S.W.2d at 489). But "mere presence alone of a defendant at the scene of a crime is insufficient to corroborate accomplice testimony." *Id.* (quoting *Golden v. S tate*, 851 S.W.2d 291, 294 (Tex. Crim. App. 1993)). Furthermore, corroboration of an accomplice's testimony is required only if the testimony is "adduced in open court by live witnesses under oath." *Bingham v. State*, 913 S.W.2d 208, 210–13 (Tex. Crim. App. 1995).

"[A] person commits an offense if he purchases an alcoholic beverage for or gives or with criminal negligence makes available an alcoholic beverage to a minor." Tex. Alco. Bev. Code Ann. § 106.06 (West Supp. 2013).

Here, a search of Egbers's home produced a video in which Egbers can be seen pouring alcohol into two of the minor girls' navels and then drinking it from their bellybuttons. He can also be heard on the video stating to the girls that he thought that they "would have gotten into the tequila already." The search also produced the types and brands of alcohol that the officers' investigation had revealed were the types and brands of alcohol that Egbers had allegedly provided for the minor girls. And Egbers made incriminating statements to two different officers, statements which were captured via a police microphone.

These actions and statements by Egbers, coupled with video evidence of his presence in his daughter's bedroom, where he encouraged the minor girls to

9

drink alcohol, are sufficient to "tend to connect" Egbers to the charges of providing alcohol to the minor girls. *See Malone*, 253 S.W.3d at 257. Thus, we overrule Egbers's second issue.

## IV. CONCLUSION

Having overruled both of Egbers's issues on appeal, we affirm the trial court's judgments.


/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 6, 2014